IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CHRISTOPHER PAYNE HANBERRY**　　　　　　　　　**PLAINTIFF**

**VS.**　　　　　　　　　　　　　　　CAUSE NO. 2:24-cv-19-KS-MTP

**BUFORD PLUMBING COMPANY, INC.;**
**THOMAS ANTHONY SHOWS, INDIVIDUALLY;**
**VENCEN SIMPSON, INDIVIDUALLY;**
**MATTHEW KASHUAN KING, INDIVIDUALLY;**
**THE PROGRESSIVE CORPORATION;**
**BLUE HILL SPECIALTY INSURANCE COMPANY, INC.;**
**AND JOHN DOES 1-5**　　　　　　　　　　　　　　**DEFENDANTS**

## NOTICE OF REMOVAL

COME NOW Defendants, The Progressive Corporation ("Progressive") and Blue Hill Specialty Insurance Company, Inc., ("Blue Hill") by and through their counsel of record, and file this Notice of Removal pursuant to 28 U.S.C. Section 1332, 1441, and 1446 and in support thereof would respectfully show unto the Court the following, to wit:

A. PROCEDURAL BACKGROUND

-1-

On or about the January 17, 2024, Plaintiff, Christopher Payne Hanberry, filed a Complaint in the Second Judicial District of the Circuit Court of Jasper County, Mississippi, the same bearing Civil Action No. 31CI2:24-cv-00005-P2 ("State Court Action"), alleging tort claims and a right to recover damages against defendants Buford Plumbing Company, Inc., Shows, Simpson, and King.

The Civil action also asserts a separate claim for Declaratory Relief against these removing defendants, "Progressive" and "Blue Hill," seeking a interpretation of third-party liability coverage afforded to some, but not all, of the defendants, Simpson and King, and a declaration of the "number of insurances for purposes of liability insurance coverage" for the

40122317

"crash and the injuries suffered by Payne [Hanberry]." (paragraph 61 of Complaint). Pursuant to 28 U.S.C. Section 1446(a), a true and legible copy of the Complaint is attached as Exhibit "A."

-2-

The Progressive Corporation was served with process through its registered agent for service of process on January 19, 2024.

-3-

Blue Hill Specialty Insurance Company, Inc. was served with process through its registered agent for service on January 23, 2024.

-4-

This Notice of Removal is filed within thirty (30) days as required by 28 U.S.C. §1446(b).

-5-

The time period for filing a responsive pleading to the State Court Action has not expired prior to the filing of this Notice of Removal. No orders have been entered in the State Court Action as of the filing of this Notice of Removal.

B. GROUNDS FOR REMOVAL

-6-

Removal of this action to the United States District Court is proper under 28 U.S.C. Section 1441(a) and (b), given that there is complete diversity of citizenship between Plaintiff and Defendants. The Progressive Corporation is, and at all times since the filing of the original complaint has been, an Ohio corporation with its principal place of business at 6300 Wilson Mills Road, Mayfield Village, Ohio 44143. Blue Hill Specialty Insurance Company, Inc. is, and at all times since the filing of the original complaint has been, an Illinois corporation with its principal place of business at 208 south LaSalle Street Chicago, Illinois, 60604. The allegations of the Complaint claim that Plaintiff, Christopher Payne Hanberry is an adult resident citizen of

40122317

Forrest County, Mississippi. The Plaintiff is, and at all times since the filing of the original complaint has been, a resident citizen of the State of Mississippi. The United States District Court would, therefore, have original jurisdiction of this matter pursuant to 28 U.S.C. Section 1332, had the declaratory judgment action originally been filed by Hanberry in federal court. This Notice of Removal is timely because it is filed in this Court within the thirty (30) days as required by 28 U.S.C. Section 1446(b).

-7-

There is complete diversity of citizenship between Plaintiff Hanberry and the removing defendants, Progressive and Blue Hill, from whom Hanberry seeks policy interpretation and declaratory relief. As explained more fully in Blue Hill and Progressive's Motion to Sever filed contemporaneously herewith, the remaining defendants have been fraudulently mis-joined in Hanberry's claim for declaratory relief and therefore, their citizenship should be disregarded for purposes of establishing proper diversity jurisdiction. Further, because the declaratory judgment claim seeks a declaration that he is entitled to "a separate $1,000,000.00 coverage" the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

-8-

The removing defendants, Progressive and Blue Hill respectfully submit that the separate tort claims against the remaining defendants have been mis-joined and are disparate. Plaintiff's tort claims against Buford, Shows, Simpson and King involve different factual issues and legal issues than the declaratory relief and interpretation of insurance policy language requested by Hanberry in his separate declaratory judgment request. See <u>Hegwood vs. Williamson</u>, 949 So.2d 728, 731 (Miss. 2007). In *Smith vs. Nationwide Mutual Insurance Company,* 286 F.Supp.2d 777, 781 (S.D. Miss. 2003), this Court acknowledged that Plaintiff's claims against non-diverse, defendants were based on negligence relating to the accident in question while the plaintiff's claims against Nationwide, a diverse defendant, were based on interpretation of contract. The

40122317

Court accordingly severed the non-diverse parties and retained the plaintiff's civil action against Nationwide. While it is true that the genesis of the claims asserted by Hanberry is a vehicular collision, the claims involve different factual issues and different legal issues.

### C. AMOUNT IN CONTROVERSY

-9-

Further, because the declaratory judgment claim seeks a declaration that Hanberry is entitled to "a separate $1,000,000.00 coverage" the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

### D. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

-10-

Pursuant to 28 U.S.C. Section 1446(b), this Notice of Removal is filed with the Court within thirty (30) days after the Defendants acknowledged service of the Summons and Complaint.

-11-

Pursuant to 28 U.S.C. Section 1441(a), venue of the removal action is proper in this Court because it is the district and division embracing the place where the State Court Action is pending.

-12-

Upon filing of this Notice of Removal, Defendants shall deliver a copy of the removal to the Plaintiff by and through his counsel and file a copy of the Notice of Removal with the Circuit Court of Jasper County, Mississippi, as required by 28 U.S.C. §1446(d).

-13-

Pursuant to 28 U.S.C. Section 1446(a) and Local Rule 5(b), a copy of all process, pleadings and orders filed in the State Court Action will be filed with the Clerk of this Court.

40122317

-14-

Trial has not commenced in this civil action pending in the Circuit Court of Jasper County, Mississippi. Therefore, Defendants, The Progressive Corporation and Blue Hill Specialty Insurance Company, Inc., pray that this action be removed to this Court, and that this Court assume full jurisdiction of Hanberry's claims for declaratory relief as if the action had been originally filed here.

Dated, this the 16th day of February, 2024.

                          THE PROGRESSIVE CORPORATION AND
                          BLUE HILL SPECIALTY INSURANCE
                          COMPANY, INC., Defendants

BY:   /s/ *H. Richmond Culp, III*
           H. Richmond Culp, III (MSB # 7936)

OF COUNSEL:
MITCHELL, McNUTT & SAMS
ATTORNEYS AT LAW
POST OFFICE BOX 7120
TUPELO, MISSISSIPPI 38802-7120
(662) 842-3871
rculp@mitchellmcnutt.com

## CERTIFICATE OF SERVICE

I, H. Richmond Culp, III, one of the attorneys for Defendants, hereby certify that I have this day electronically filed the above and foregoing Notice of Removal with the Clerk of the Court using the ECF system which sent notification of such filing to counsel who have electronically registered with the Court:

Samuel S. McHard, Esq.
Mchard, McHard, Anderson & Associates, PLLC
140 Mayfair Road, Suite 1500
Hattiesburg, MS 39402

Ken R. Adcock, Esq.
Adcock and Ivison, PLLC
795 Woodlands Parkway, Suite 220
Ridgeland, MS 39157

DATED, this, the 16th day of February, 2024.

/s/ H. Richmond Culp, III
H. RICHMOND CULP, III

40122317