**IN THE CIRCUIT COURT OF JASPER COUNTY, MISSISSIPPI**
**SECOND JUDICIAL DISTRICT**

**CHRISTOPHER PAYNE HANBERRY**                    **PLAINTIFF**

**VERSUS**                            **CIVIL ACTION NO.** 2:24-cv-19-KS-MTP

**BUFORD PLUMBING COMPANY, INC.,**
**THOMAS ANTHONY SHOWS, INDIVIDUALLY,**
**VENCEN SIMPSON, INDIVIDUALLY,**
**MATTHEW KASHUAN KING, INDIVIDUALLY,**
**THE PROGRESSIVE CORPORATION,**
**BLUE HILL SPECIALTY INSURANCE COMPANY, INC.,**
**and JOHN DOES 1-5**                        **DEFENDANTS**

---

**COMPLAINT**
**JURY TRIAL DEMANDED**

---

COMES NOW the Plaintiff, Christopher Payne Hanberry (hereafter referred to as "Payne"), through the undersigned attorney, and file this, his Complaint against Buford Plumbing Company Inc., Thomas Anthony Shows, Vencen Simpson, Matthew Kashuan King, The Progressive Corporation, Blue Hill Specialty Insurance Company, Inc., and John Does 1-5 for the following claims:

## PARTIES

1. Payne is an adult resident citizen of Forrest County, Mississippi.

2. Defendant Buford Plumbing Company Inc., (hereafter referred to as "Buford") is a domestic corporation that is licensed and incorporated in the State of the Mississippi. Buford can be served through its registered agent, Jana Buford, at 5625 HWY 18 West, Jackson, Mississippi 39284.



EXHIBIT
A

3. Defendant Thomas Anthony Shows (hereinafter referred to as "Shows") is believed to be an adult resident citizen of Simpson County, Mississippi. His last known address is 235 Eugie Palmer Road, Mendenhall, Mississippi 39114, where he may be served with process by serving a copy of the Summons and the Complaint. At all times relevant hereto, Defendant Shows was operating a vehicle owned by Buford and was acting within the scope of his employment with Buford.

4. Defendant Vencen Simpson (hereinafter referred to as "Simpson") is an adult resident citizen of Harrison County, Mississippi. His last known address is 28560 Sundance Road, Pass Christian, Mississippi, 39571, where he may be served with process by serving a copy of the Summons and the Complaint.

5. Defendant Matthew Kashaun King (hereinafter referred to as "King") is an adult resident citizen of Forrest County, Mississippi. His last known address is 921 W 6th Street, Hattiesburg, Mississippi, 39401, where he may be served with process by serving a copy of the Summons and the Complaint. At all times relevant hereto, Defendant King was operating the vehicle owned by Defendant Simpson.

6. Defendants The Progressive Corporation (hereinafter referred to as "Progressive") and its shell company Blue Hill Specialty Insurance Company, Inc. (hereinafter referred to as "Blue Hill"), a "surplus lines" company, which is not licensed with the Mississippi Department of Insurance, are the insurers

2

which issued automobile liability insurance covering Defendants Simpson and King for the multiple occurrences caused by them on 10/20/2022.

7. Defendants designated at John Does 1 through 5 are, based upon information and belief, certain unknown and unnamed persons and/or entities who may be liable for the claims asserted herein, who include, but are not limited to, agents, servants, employees, representatives, affiliates, parents, subsidiaries, joint-tortfeasors, tortfeasors, contractors, co-conspirators, joint adventurers, partners, stockholders, or any other related person or entity of the named Defendants and/or any and all other persons who may be liable to Payne for the claims asserted herein. Payne will amend the Complaint once the identities of the unknown Defendants are learned.

## JURISDICTION & VENUE

8. Venue is proper in this Court pursuant to Miss. Code Ann. § 11-11-3.

## FACTUAL ALLEGATIONS

9. On or about October 20, 2022, Defendant King was operating a 2007 International Harvester Box Truck, a commercial vehicle, that was owned by Defendant Simpson northbound on U.S. Route 49 in rural Simpson County, Mississippi. Upon information and belief, King was hauling office supplies in the scope of his employment for Simpson.

10. At some point prior to the crash involving Payne, King fell asleep and lost control of the 2007 International Harvester. The vehicle subsequently rolled over onto its passenger side and came to stop in such a manner that the vehicle

3

was perpendicular to the roadway. The vehicle blocked the entirety of the left lane of U.S. Route 49 North.

11. Prior to the crash involving Payne, Drue Thomas (hereinafter "Thomas"), who is not a party to this lawsuit, was operating his 2016 Dodge Ram Pickup Truck in the left-hand lane of U.S. Route 49 North. When Thomas's vehicle approached the overturned box truck that was operated by King and owned by Simpson, Thomas's truck collided with box truck and was forced off of the roadway and onto the right-hand shoulder of the road.

12. After the crash involving Thomas and before the vehicle was cleared from the roadway, Shows, who was operating a vehicle owned by Buford in the course and scope of his employment, passed the overturned King vehicle. Shows was similarly proceeding north on U.S. Route 49 in a 2007 Dodge Ram Pickup owned by Buford in rural Simpson County. After passing the overturned King vehicle, Shows then stopped the Buford vehicle in the roadway in the left-hand lane of Highway 49 North.

13. Shortly thereafter, Payne, who was operating his 2016 Ford F-250 Pickup in the left-hand lane of U.S. Route 49 North in rural Simpson County, struck the overturned King vehicle that was in the roadway and proceeded through the trailer portion of the truck. The collision occurred suddenly and without warning to Payne.

14. Payne's vehicle then immediately proceeded into the rear of Show's vehicle, which was negligently stopped in the middle of the roadway.

4

15. At no time was Payne aware of the negligent positing of either the King/Simpson or the Shows/Buford vehicles prior to the crash.

16. King negligently operated a vehicle when he was drowsy and caused his vehicle to overturn in the middle of U.S. Route 49. This caused the Payne to strike the overturned vehicle suddenly and without warning.

17. Shows negligently stopped his vehicle in the middle of U.S. Route 49, in violation of Mississippi law, and caused the Payne to strike the Shows/Buford vehicle as a result.

18. Buford and Simpson are liable for the negligent actions of their employees and agents under the doctrine of Respondeat Superior.

19. As result of the negligence, actions, and inactions of King, Simpson, Buford, and Shows, Payne suffered extensive injuries to the entirety of his body.

## COUNT I – RESPONDEAT SUPERIOR AGAINST DEFENDANT BUFORD

20. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

21. At the time of the above-described collision, Shows was operating a Buford owned vehicle in the course and scope of his employment with Buford.

22. Buford employs Shows and is responsible for Show's reckless and negligent actions and inactions causing the subject collision and the injuries to Payne.

## COUNT II- NELIGENT ENTRUSTMENT AGAINST DEFENDANT BUFORD

23. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

24. Upon information and belief, Buford was the owner of the vehicle driven by Shows at the time of the subject collision.

25. Buford was negligent in allowing Shows to use the vehicle, and therefore, negligently entrusted the vehicle to his possession and custody for use.

26. The negligent entrustment of the vehicle to Shows caused and contributed to Payne's injuries.

### COUNT III--NEGLIGENT HIRING, NEGLIGENT TRAINING, NEGLIGENT RETENTION, NEGLIGENT SUPERVISION, AND IMPROPER VEHICLE MAINTENANCE & INSPECTION AGAINST DEFENDANT BUFORD

27. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

28. Buford has a duty to act reasonably in hiring, retaining, training, and/or supervising Shows and to promulgate and enforce rules and regulations to ensure that drivers and vehicles which they own or which operate on their behalf are reasonably safe. Buford further has a duty to reasonably maintain and inspect his vehicles or ensure that some are reasonably and properly maintained and inspected.

29. Buford failed and breached the above-mentioned duties and was therefore negligent.

30. The negligence of Buford was the direct and proximate cause of the collision at issue and of Payne's resulting injuries and damages.

### COUNT IV- NEGLIGENCE AGAINST DEFENDANT SHOWS

31. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

32. Shows owed a duty to maintain and operate his vehicle in a safe and reasonable manner under the circumstances. Shows breached these duties creating an immediate hazard in the roadway. Shows was negligent in the following respects:

    a.    Failed to keep a proper lookout for others;

    b.    Failed to keep his vehicle under control;

    c.    Failed to see what must be seen;

    d.    Failed to recognize and obey traffic signals;

    e.    Failed to keep proper and reasonable distance from Payne's vehicle;

    f.    Failed to reduce speed to avoid collision;

    g.    Failed to slow or otherwise maneuver his vehicle so as to avoid colliding with the motor vehicle being operated by Payne;

    h.    Operated a vehicle when he was not physically capable of safe operation, including having proper visual acuity;

    i.    Violated Miss. Code. Ann. §63-3-505 by failing to operate his vehicle at a reasonable rate of speed having due regard for the conditions present and the condition of the vehicle he was operating; and

> j. Violated MCA §63-3-1213 by driving his vehicle in a careless and imprudent manner without due regard for traffic and all other attendant circumstances.

33. As a direct and proximate result of the negligence of Shows, Payne was caused to suffer injuries, which resulted in damages.

## COUNT V- NEGLIGENCE PER SE AGAINST DEFENDANT SHOWS

34. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

35. Shows is liable to Payne for negligence per se because he:

> a. Violated Miss. Code Ann. §63-3-505 by failing to operate his vehicle at a reasonable rate of speed having due regard for the conditions present and the conditions of the vehicle he was operating;
>
> b. Violated Miss. Code. Ann. § 63-3-1213 by driving in a careless and imprudent manner without due regard for traffic and all other attendant circumstances; and
>
> c. Violated Miss. Code Ann. § 63-3-903 by stopping his vehicle upon a highway when it was reasonably prudent for him to do otherwise.

36. Shows's failure in these regards constitutes negligence per se and conscious disregard for the safety of others subjecting him to punitive damages to deter such conduct in the future by himself or others.

## COUNT VI – RESPONDEAT SUPERIOR AGAINST DEFENDANT SIMPSON

8

37. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

38. At the time of the above-described collision, King was operating a commercial owned vehicle owned by Simpson in the course and scope of his employment with Simpson.

39. Simpson employed King and is responsible for King's reckless and negligent actions and inactions causing the subject collision and the injuries to Payne.

### COUNT VII- NELIGENT ENTRUSTMENT AGAINST DEFENDANT SIMPSON

40. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

41. Upon information and belief, Simpson was the owner of the vehicle driven by King at the time of the subject collision.

42. Simpson was negligent in allowing King to use the vehicle, and therefore, negligently entrusted the vehicle to his possession and custody for use.

43. The negligent entrustment of the vehicle to King caused and contributed to Payne's injuries.

### COUNT VIII- –NEGLIGENT HIRING, NEGLIGENT TRAINING, NEGLIGENT RETENTION, NEGLIGENT SUPERVISION, AND IMPROPER VEHICLE MAINTENANCE & INSPECTION AGAINST DEFENDANT SIMPSON

44. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

45. Simpson has a duty to act reasonably in hiring, retaining, training, and/or supervising King and to promulgate and enforce rules and regulations to

ensure that drivers and vehicles which they own or which operate on their behalf are reasonably safe. Simpson further has a duty to reasonably maintain and inspect his vehicles or ensure that some are reasonably and properly maintained and inspected.

46. Simpson failed and breached the above-mentioned duties and was therefore negligent.

47. The negligence of Simpson was the direct and proximate cause of the collision at issue and of Payne's resulting injuries and damages.

### COUNT IX- NEGLIGENCE AGAINST DEFENDANT KING

48. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

49. King owed a duty to maintain and operate his vehicle in a safe and reasonable manner under the circumstances. King breached these duties creating an immediate hazard in the roadway. King was negligent in the following respects:

    a.    Failed to keep a proper lookout for others;

    b.    Failed to keep his vehicle under control;

    c.    Failed to see what must be seen;

    d.    Failed to recognize and obey traffic signals;

    e.    Failed to keep proper and reasonable distance from Payne's vehicle;

    f.    Failed to reduce speed to avoid collision;

g.  Failed to slow or otherwise maneuver his vehicle so as to avoid colliding with the motor vehicle being operated by Payne;

h.  Operated a vehicle when he was not physically capable of safe operation, including having proper visual acuity;

i.  Violated Miss. Code. Ann. § 63-3-505 by failing to operate his vehicle at a reasonable rate of speed having due regard for the conditions present and the condition of the vehicle he was operating; and

j.  Violated Miss. Code Ann. § 63-3-1213 by driving his vehicle in a careless and imprudent manner without due regard for traffic and all other attendant circumstances.

50. As a direct and proximate result of the negligence of King, Payne was caused to suffer injuries, which resulted in damage.

**COUNT X- NEGLIGENCE PER SE AGAINST DEFENDANT KING**

51. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

52. King is liable to Payne for negligence per se because he:

a.  Violated Miss. Code Ann. §63-3-505 by failing to operate his vehicle at a reasonable rate of speed having due regard for the conditions present and the conditions of the vehicle he was operating;

b. Violated Miss. Code. Ann. § 63-3-1213 by driving in a careless and imprudent manner without due regard for traffic and all other attendant circumstances; and

c. Violated Miss. Code Ann. § 63-3-903 by stopping his vehicle upon a highway when it was reasonably prudent for him to do otherwise.

53. King's failure in these regards constitutes negligence per se and conscious disregard for the safety of others subjecting him to punitive damages to deter such conduct in the future by himself or others.

## COUNT XI-DECLARATORY JUDGMENT

54. Pursuant to MRCP 57, Payne brings this claim against Progressive and Blue Hill, the insurer of Simpson and King, in order to declare the rights of Payne to insurance coverage for two or more "occurrences" which arose on October 20, 2022.

55. Based upon information and belief, the insurance policy issued by Progressive and Blue Hill to provide liability protection for Simpson and King provides for coverage of $1 million "per occurrence."

56. In the crash giving rise to this suit and described above, Payne contends that there were multiple "occurrences," and that each occurrence gives rise to a separate $1 million coverage provision.

57. In fact, the police officers who investigated the crash, studied the scene, and prepared the crash reports generated three (3) separate crash reports based upon their opinion that multiple, separate occurrences arose in the separate

crashes on that day and at that place, due to the misconduct of King and
Simpson.

58. A dispute has arisen as to whether Payne and the other victims Drue
Thomas, Tessa Thomas, and Shows were injured by one or more separate
covered occurrences or insured events. The insurer of King and Simpson
contends there was only one occurrence and therefore only $1 million of
coverage to be allocated among all four of the injured victims. On the other
hand, Payne contends that there were multiple separate acts of negligence,
which constitute separate occurrences or separate insured events within the
meaning of the liability policy.

59. Pursuant to applicable Mississippi law, a factual issue of whether multiple
acts were sufficiently related to constitute one occurrence where the
applicable policy language unambiguously states that multiple negligent acts
constitute one "occurrence." Upon information and belief, the policy in
question is ambiguous as applied to the facts, giving rise to the injury of
Payne and the separate alleged injuries of Drue Thomas, Tessa Thomas, and
Shows. All ambiguities in the insurance policy must be strictly construed
against the insurer pursuant to Mississippi's "Contra-Insurer Rule" (see
*Travelers v. Forrest County*, 2016 WL 626549 (S.D. Miss. 2016)).

60. Facts establishing multiple separate acts of negligence and gross negligence
on the part of the insureds King and Simpson giving rise to the multiple
occurrences under the policy include:

a. The box truck was covered by Federal Motor Carrier Safety Regulations—none of which were followed by King and Simpson.

b. Simpson put an unqualified driver on the road and entrusted the box truck to King, who did not have the required commercial drivers license (CDL) to entitle him to drive the box truck.

c. King fell asleep while driving the box truck that he was not qualified to drive.

d. King ran off the paved portion of U.S. Route 49 on the left shoulder and into the median when he should have made travel only in the right lane.

e. When King awoke, he overcorrected when attempting to come back to the paved travel portion of the U.S. Route 49 roadway. King should have stopped his vehicle in the median or shoulder.

f. After over correcting, King reentered the paved portion of U.S. Route 49, but lost control of his vehicle again and caused it to turn over onto the driver's side with the headlights pointing into the median and no tail lights were visible to traffic coming upon the scene of this crash caused by the multiple acts of gross negligence of King and Simpson. The box truck, dark and invisible, then lay in two lanes of U.S. Route 49 North.

g. Despite the passage of adequate time after that crash, and contrary to federal regulations and industry standards, King failed to put out

flags, flares, and/or activate his emergency flashers to warn oncoming traffic of the emergency situation and lane closures caused by the prior occurrences.

h. Next, the box truck was clipped in the rear by the pickup truck driven by Drue Thomas which moved the dark invisible truck into the left lane and further prevented any of the truck lights from creating a warning to northbound traffic approaching the crash.

i. Next, the Buford truck narrowly escaped colliding with the overturned, darkened and now moved box truck; however, the Buford truck stopped in the middle of the roadway just north of the box truck and was obscured by the box truck from the northbound traffic approaching the scene of the prior crashes.

j. Finally, Payne's truck came upon this scene, completely darkened by the box truck, and crashed into the remaining portion of the "box" and into the rear of the Buford truck.

61. Based upon the above facts and the insurance policy, there were multiple "occurrences" resulting in separate $1,000,000.00 coverages, including a separate $1,000,000.00 coverage for Payne's crash. As a result of the above, this Court should enter a declaratory judgment declaring the rights and obligations of Progressive and Blue Hill regarding the number of insurances for purposes of liability insurance coverage for Payne's crash and the injuries suffered by Payne.

## DAMAGES & PRAYER FOR RELIEF

62. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

63. Defendants' breach of these duties was the proximate cause of the crash and the resulting damages to Payne.

64. As a result of the forementioned acts and/or omissions, Defendants are liable for all elements of damages, past, present, and future, arising from the personal injuries caused to Payne, including:

   a. Damages for physical pain and suffering;

   b. Damages for mental anguish and horror suffered by Payne;

   c. Damages for loss of enjoyment of life;

   d. Damages for the loss of earnings and earning capacity;

   e. Damages for physical and mental imparity;

   f. Damages for medical expenses, past and future;

   g. Punitive damages pursuant to the Mississippi Punitive Damage Statute, Miss. Code Ann. § 11-1-65.

65. The acts and omissions of Defendants described herein constitute a willful, wanton, grossly negligent conduct and reckless disregard for Payne's rights, and such acts and omissions constitute gross negligence, for all of which Defendants are liable for punitive damages and attorneys' fees in an amount to be proven at trial.

WHEREFORE, PREMISES CONSIDERED, Payne demands Judgment against Defendants jointly and severally for actual, compensatory, special damages and punitive damages including costs, pre-judgment interest and post-judgment interest, repair expenses, lost wages, and attorneys' fees as this Court deems just and appropriate.

Respectfully submitted this __12th__ day of January, 2024.

CHRISTOPHER PAYNE HANBERRY
PLAINTIFF

SAMUEL S. MCHARD, MSB # 100925

SAMUEL S. MCHARD, MSB #100295
MCHARD, MCHARD, ANDERSON & ASSOCIATES, PLLC
ATTORNEYS AT LAW
140 MAYFAIR ROAD, SUITE 1500
HATTIESBURG, MS 39402
T: 601-450-1715
F: 601-450-1719
smchard@mchardlaw.com

Case: 31CI2:24-cv-00005-P2    Document #: 1    Filed: 01/17/2024    Page 18 of 22

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Court Identification Docket #

| | | | | | | | | | | |

Mississippi Supreme Court   Form AOC/01
Administrative Office of Courts   (Rev 2020)

In the **CIRCUIT**   Court of **JASPER**   County — **SECOND** Judicial District

**Origin of Suit** (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Remanded
- [ ] Reinstated
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual: Hanberry (Last Name)   Christopher (First Name)   Maiden Name, if applicable   M.I. **P**   Jr/Sr/III/IV

Attorney (Name & Address): Samuel S. McHard, 140 Mayfair Rd Suite 1500 Hattiesburg, MS 39402   MS Bar No. **100295**

Signature of Individual Filing:

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Business: Buford Plumbing Company, INC

**Nature of Suit** (Place an "X" in one box only)

Torts:
- [X] Negligence - Motor Vehicle

Case: 31CI2:24-cv-00005-P2     Document #: 1     Filed: 01/17/2024     Page 19 of 22

IN THE <u>CIRCUIT</u>     COURT OF <u>JASPER</u>     COUNTY, MISSISSIPPI

<u>SECOND</u>     JUDICIAL DISTRICT, CITY OF <u>BAY SPRINGS</u>

Docket No._____-_____     _____
         <small>File Yr</small>     <small>Chronological No.</small>     <small>Clerk's Local ID</small>

Docket No. If Filed
Prior to 1/1/94 _____

**DEFENDANTS IN REFERENCED CAUSE - Page 1 of __ Defendants Pages
IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant #2:**

Individual: <u>Shows</u>     <u>Thomas</u>     ( _____ ) <u>A</u>     _____
         <small>Last Name</small>        <small>First Name</small>        <small>Maiden Name, if Applicable</small>    <small>Middle Init.</small>   <small>Jr/Sr/III/IV</small>

__Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

__Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

Business _____
      <small>Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated</small>

__Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____     Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #3:**

Individual: <u>Simpson</u>     <u>Vencen</u>     ( _____ ) _____     _____
         <small>Last Name</small>        <small>First Name</small>        <small>Maiden Name, if Applicable</small>    <small>Middle Init.</small>   <small>Jr/Sr/III/IV</small>

__Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

__Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

Business _____
      <small>Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated</small>

__Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____     Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #4:**

Individual: <u>King</u>     <u>Matthew</u>     ( _____ ) <u>K</u>     _____
         <small>Last Name</small>        <small>First Name</small>        <small>Maiden Name, if Applicable</small>    <small>Middle Init.</small>   <small>Jr/Sr/III/IV</small>

__Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

__Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

Business _____
      <small>Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated</small>

__Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

    D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____     Pro Hac Vice (✓)___ Not an Attorney(✓)___

Case: 31CI2:24-cv-00005-P2 Document #: 1 Filed: 01/17/2024 Page 20 of 22

IN THE <u>CIRCUIT</u> COURT OF <u>JASPER</u> COUNTY, MISSISSIPPI

<u>SECOND</u> JUDICIAL DISTRICT, CITY OF BAY SPRINGS

Docket No. _____ - _____ _____     Docket No. If Filed
          File Yr      Chronological No.      Clerk's Local ID      Prior to 1/1/94 _____

### DEFENDANTS IN REFERENCED CAUSE - Page ___ of ___ Defendants Pages
### IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant # _5_ :**

**Individual:** _____ _____ (_____) _____ _____
                  Last Name          First Name       Maiden Name, If Applicable  Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** The Progressive Corporation _____
                  Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant # _6_ :**

**Individual:** _____ _____ (_____) _____ _____
                  Last Name          First Name       Maiden Name, If Applicable  Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** Blue Hill Specialty Insurance Company _____
                  Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant # ___ :**

**Individual:** _____ _____ (_____) _____ _____
                  Last Name          First Name       Maiden Name, If Applicable  Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
                  Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

# McHARD, McHARD, ANDERSON & ASSOCIATES, PLLC
## ATTORNEYS AT LAW

140 MAYFAIR ROAD, SUITE 1500
HATTIESBURG, MS 39402
T: 601-450-1715
F: 601-450-1719

JESSICA SLAY
JSLAY@MCHARDLAW.COM
WWW.MCHARDLAW.COM

January 12, 2024

Billy G. Rayner
P.O. Box 477
Bay Springs, Mississippi 39422

> RE:   *Hanberry v. Buford Plumbing Company et al*

Dear Mr. Rayner:

Please find enclosed:

1. An original and six copies of an Initial Complaint,
2. An original and two copies of a Summons to Buford Plumbing Company, Inc.,
3. An original and two copies of a Summons to Thomas Anthony Shows,
4. An original and two copies of a Summons to Vencen Simpson,
5. An original and two copies of a Summons to Matthew Kashuan King,
6. An original and two copies of a Summons to The Progressive Corporation,
7. An original and two copies of a Summons to Blue Hill Specialty Insurance Company, Inc.,
8. A Civil Cover Sheet, and
9. Check No. 21167 in the amount of $161.00 as a filing fee

Please file this in the court record and return the file stamped copies. If you have any questions, please do not hesitate to contact me.

Very Truly Yours,
McHARD, McHARD, ANDERSON &
ASSOCIATES, PLLC

Jessica Slay

/js
Enclosure

HATTIESBURG • OXFORD

### FEE BILL, CIVIL CASES, CIRCUIT COURT

State of Mississippi
Jasper County

CHRISTOPHER HANBERRY VS BUFORD PLUMBING CO INC

Case #                   Acct #          Paid By CHECK 21167      Rct#   7272
------------------------------------------------------------------------------
                    CLERK'S FEE                          85.00
                    JURY TAX                              3.00
                    COURT ADMINISTRATOR                   2.00
                    COURT REPORTER                       10.00
                    LAW LIBRARY                           2.50
                    ST COURT EDUCATION                    2.00
                    COURT CONSTITUENT                      .50
                    CES SYSTEMS FUND                     10.00
                    CIV LEGAL ASST FUND                   5.00
                    JUDICIAL SYS OPERATION FUND          40.00
                    ARCHIVE FEE                           1.00

                                               ===========
                                      Total  $    161.00
------------------------------------------------------------------------------

Payment received from MCHARD, MCHARD, ANDERSON
                      & & ASSOCIATES PLLC

Transaction  12020 Received  1/17/2024 at 15:50 Drawer   1 I.D. TERRI

Current Balance Due        $0.00           Receipt Amount $    161.00

  By _____D.C.  BILLY G.RAYNER, Circuit Clerk


Case #                   Acct #          Paid By CHECK 21167      Rct#   7272